NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 30, 2008[*]
Decided April 30, 2008

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-1686

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 06-CR-188-S-01 |
| GREGORY WILLIAMS, | |
| *Defendant-Appellant.* | John C. Shabaz, |
| | *Judge.* |

**O R D E R**

Gregory Williams sold a considerable amount of drugs during the summer of 2006. Unbeknownst to him, though, one of his many customers was a confidential informant. After the informant bought 83.5 grams of crack cocaine from Williams, law enforcement officers obtained a warrant and searched Williams's home, where they found another 906.77 grams of crack as well as 183.8 grams of powder cocaine.  A federal indictment charged

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

Williams with one count of possession with intent to distribute 50 grams or more of crack. *See* 21 U.S.C. § 841(a)(1). Williams pleaded guilty.

At sentencing the district court assigned Williams a base offense level of 36 under U.S.S.G. § 2D1.1(c)(2) given that all of the drugs seized amounted to the equivalent of roughly 21,748.92 kilograms of marijuana. The district court reduced the offense level by five in light of Williams's acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and his cooperation with law enforcement officers, *see* U.S.S.G. § 5K1.1. Williams's total offense level of 31, when coupled with his criminal history category of V, yielded a guidelines range of 168 to 210 months. Williams asked the court to consider the disparity between crack and powder cocaine sentences under the guidelines—the so-called "100:1 ratio"—when determining his sentence, but the court felt that it did not have the authority to do so. After contemplating the factors set forth in 18 U.S.C. § 3553(a), the court concluded that a sentence of 189 months was appropriate.

Williams appeals with a single argument, that the district court erred in concluding that it could not consider the disparity between guidelines sentences for like amounts of crack and powder cocaine. Up until a few months ago, this argument would have had little prospect of success. Our circuit precedents did not permit a sentencing judge to deviate from the 100:1 ratio when calculating the correct guidelines range. *See United States v. Taylor*, No. 06-4123, 2008 WL 782739, at *1 (7th Cir. Mar. 26, 2008); *United States v. Jointer*, 457 F.3d 682, 686-88 (7th Cir. 2006). Still, a judge could consider the disparity created by the 100:1 ratio when determining the appropriate *actual* sentence in light of the sentencing factors listed in 18 U.S.C. § 3553(a), but only to the extent that the disparity uniquely affected the individual defendant. *See Jointer*, 457 F.3d at 686-88. All of that changed with the advent of *Kimbrough v. United States*, 128 S. Ct. 558, 564, 575 (2007), which permits a judge, even in a typical case, to "consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" when determining whether a within-guidelines sentence is greater than necessary to achieve the goals of sentencing.

We recognize that this is a somewhat unusual case with respect to *Kimbrough* because the district court determined Williams's base offense level using the drug equivalency tables found in Application Note 10 to U.S.S.G. § 2D1.1. Yet, at the time of Williams's sentencing in early 2007, those tables included a 100:1 ratio of their own: each gram of crack amounted to 20,000 grams of marijuana while each gram of powder cocaine amounted to 200 grams of marijuana.[1] U.S.S.G. § 2D1.1 Application Note 10 (2006).

---

[1] The latest edition of the guidelines includes a new method for determining drug
(continued...)

Williams possessed both substances, of course, but it was his crack quantity that drove his base offense level. A similar offender caught with 1.17 kilograms (the total quantity of all of Williams's drugs) of powder cocaine would have received a significantly lower base offense level of 26, *see* U.S.S.G. § 2D1.1(c)(7) (2006), so we see no impediment to Williams's argument on appeal.

The district court could not appreciate powers it did not know it possessed. Accordingly, we VACATE Williams's sentence and REMAND for resentencing in light of *Kimbrough*.

---

[1](...continued)

equivalency. *See* U.S.S.G. § 2D1.1 Application Note 10 (2007). Although each gram of powder cocaine still amounts to 200 grams of marijuana, each gram of crack now equals anywhere from 5,000 to 16,000 grams of marijuana depending on the quantity of crack involved in the offense. *Id.*